UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD HORNE, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ANN NEWMAN, ESQ., and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, DONALD HORNE, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, ANN NEWMAN, ESQ, ("NEWMAN"), JOHN DOES 1-25 ("Defendants")their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Rockland, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. NEWMAN maintains a location at 82-35 Beverly Road, Kew Gardens, New York 11415.

8. Upon information and belief, NEWMAN uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. NEWMAN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New

York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from NEWMAN concerning a debt, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

    The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a.      Whether the Defendants violated various provisions of the FDCPA including but not limited to:

            15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

      b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to June 24, 2016, Plaintiff allegedly incurred a financial obligation to Bon Secours ER Physicians ("Bon Secours").

16. The Bon Secours obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The Bon Secours obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Bon Secours is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before June 24, 2016, Bon Secours referred the Bon Secours obligation to NEWMAN for the purpose of collections.

20. At the time Bon Secours referred the Bon Secours obligation to NEWMAN, the obligation was past due.

21. At the time Bon Secours referred the Bon Secours obligation to NEWMAN, the obligation was in default.

22. NEWMAN caused to be delivered to Plaintiff a letter dated JUNE 24, 2016, which was addressed to Plaintiff. **Exhibit A.**

23. The June 24, 2016 letter was sent to Plaintiff in connection with the collection of the Bon Secours obligation.

24. The June 24, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the June 24, 2016 letter.

26. The June 24, 2016 letter provides the following information regarding the Amount Due claimed due on the Bon Secours obligation:

Amount Due:  $535.00

27. The June 24, 2016 letter also stated in part that:

> My law practice represents various clients, including but not limited to, doctors and hospital in the area of creditors rights.  In this regard, this office represents the above named BON SECOURS ER PHYSICIANS who has placed this matter, in reference to an original account, for collection and such action as necessary to protect this client...
>
> If you have any questions regarding this matter, please contact this office at (800) 414-3128 between the hours of 10 A.M. and 4 P.M. EST Monday through Friday...
>
> **CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)**
>
> You are hereby given notice of the following information concerning the above referenced debt.
>
> 1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and this firm.

>   2.      If you notify us within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will such verification to you.
>
>   3.      In addition, upon request within said 30 days, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.
>
>   4.      This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose.
>
>   **YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.**

28. Section 1692g(a)(3),(4), (5) of the FDCPA requires the debt collector to:

>   Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- [emphasis added].
>
>   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the ***debt collector*** ---
>
>   (4) a statement that if the consumer notifies the debt collector ***in writing*** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- [emphasis added].
>
>   (5) a statement that, upon the consumer's ***written request*** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. [emphasis added].

29. NEWMAN knew or should have known that its actions violated the FDCPA.

30. NEWMAN could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

31. It is NEWMAN's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Failing to provide the consumer with a proper notice pursuant to 156 U.S.C. §1692g(a)(3),(4), (5).

32. On information and belief, NEWMAN sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

33. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

34. Collection letters and/or notices, such as those sent by NEWMAN, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

35. The June 24, 2016 letter fails to inform Plaintiff that pursuant to 15 U.S.C. §1692g(a)(4), a dispute must be *in writing* in order to obtain verification of the debt.

36. The least sophisticated consumer upon reading the June 24, 2016 letter will be confused as what he must do in order to obtain verification of the debt.

37. The least sophisticated consumer upon reading the June 24, 2016 letter will be unsure as to his rights pursuant to 15 U.S.C. §1692g(a)(4).

38. The least sophisticated consumer upon reading the June 24, 2016 letter will be mislead into believing that he could that he request verification by contacting NEWMAN by telephone, writing a letter, or appearing in person.

39. NEWMAN's June 24, 2016 violated 15 U.S.C. §1692g(a)(4).

40. The June 24, 20916 letter incorrect informs Plaintiff that pursuant 15 U.S.C. §1692g(3) that unless her disputes the debt with 30 days after receiving the letter that *both* the creditor and the debtor collector will assume the debt to be valid.

41. Pursuant to 15 U.S.C. §1692g(a)(3) unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the *__debt collector__*.

42. The least sophisticated consumer upon reading the June 24, 2016 letter will be unsure as to his rights pursuant to 15 U.S.C. §1692g(a)(3).

43. The least sophisticated consumer upon reading the June 24, 2016 letter will be mislead into believing that  15 U.S.C. §1692g(a)(3) permits both the creditor and the debtor collector to assumed the debt is valid.

44. NEWMAN violated 15 U.S.C. § 1692e(10) of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

45. NEWMAN violated 15 U.S.C. § 1692e(10) of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

46. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

47. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

48. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

49. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

50. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

51. Plaintiff has suffered damages and other harm as a direct result of the NEWMAN's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 17, 2017

                                          *s/ Joseph K. Jones*
                                          Joseph K. Jones, Esq.
                                          JONES, WOLF & KAPASI, LLC
                                          555 Fifth Avenue, Suite 1700
                                          New York, NY 10017
                                          (646) 459-7971 telephone
                                          (646) 459-7973 facsimile
                                          jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                          *s/ Joseph K. Jones*
                                          Joseph K. Jones, Esq.

# Exhibit A

# ANN NEWMAN, ESQ.
**ATTORNEY AT LAW**
82-35 BEVERLY ROAD
KEW GARDENS, NY 11415
PHONE: (800) 414-3128 / FAX: 201-272-0059

---

June 24, 2016

DONALD HORNE

Account #: ▮▮▮▮▮▮
Amount Due: $535.00

------------------------ Please detach and return. ------------------------

**CLIENT: BON SECOURS ER PHYSICIANS**

Dear DONALD HORNE:

My law practice represents various clients, including but not limited to, doctors and hospitals in the area of creditors rights. In this regard, this office represents the above named BON SECOURS ER PHYSICIANS who has placed this matter, in reference to an original account, for collection and such action as necessary to protect this client.

At this time, no attorney within my firm has personally reviewed the particular circumstances of your account. However, if you fail to contact my office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at (800) 414-3128 between the hours of 10 A.M. and 4 P.M. EST Monday through Friday.

Very truly yours,

ANN NEWMAN, Esq.

| *SEE IMPORTANT NOTICE ON REVERSE SIDE OF LETTER* |

**CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)**

You are hereby given notice of the following information concerning the above referenced debt.
1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this firm.
2. If you notify us within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you.
3. In addition, upon your request within said 30 days, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.
4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose.

**YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.**

LE

# IMPORTANT NOTICE

Please note that debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

**YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.**

LE